UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. BARNDT, | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-06-2406 |
| v. | : |
| | : (JUDGE VANASKIE) |
| JAMES T. WYNDER, ET AL., | : |
| Respondents | : |

**M E M O R A N D U M**

**I.    Introduction.**

On November 21, 2006, Thomas Barndt, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. (Dkt. Entry 1.) After an enlargement of time to respond to the Petition, Respondent filed a Response to the Petition for Habeas Corpus and several volumes of attendant exhibits. (Dkt. Entries 14 - 15.) After Petitioner too was granted an extension of time, Barndt filed a Traverse to the Response, and simultaneously filed a one page Motion for Appointment of Counsel. (Dkt. Entries 20 - 21 and 19.) Barndt's motion for counsel is based on his indigent status, the asserted meritorious nature of his claims, and a series of medical mental health issues (obsessive compulsive disorder, schizophrenia, and psychosis), and his inability to concentrate indoors. See Dkt. Entry 19. For the following reasons, Barndt's motion for appointment of counsel will be denied.

**II.     Discussion.**

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. See Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2).[1] Other factors a court must consider when making a decision regarding the appointment of counsel to represent a prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. Reese v. Fulcomer, 946 F.2d 247, 264-265 (3d Cir. 1991). The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery v. Pinchak, 294 F. 3d 492, 499 (3d Cir. 2002).

In this case, appointment of counsel is not warranted at this time. Barndt filed his

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such personal is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

Traverse to the Response at the same time as seeking appointment of counsel, not prior.  He does not suggest in his motion for counsel, or in his Traverse, that he was unable to fully formulate or present his legal arguments in response to Respondents' filing without the assistance of counsel or due to his mental health issues.  To the contrary, Barndt's Traverse, like his other submissions, is well organized, clearly presented, and contains appropriate arguments complete with legal citations.  The petition is presently ripe for review.  Given the requisite liberal construction afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Barndt's apparent ability to present an extensive well drafted petition and supplemental memoranda in support of his petition, the appointment of counsel at this time is not warranted.  Petitioner's motion for appointment of counsel will therefore be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Petitioner.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie
                                                United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS W. BARNDT,** : | |
| : | |
| Petitioner, : | |
| : | CIVIL NO. 3:CV-06-2406 |
| v. : | |
| : | (JUDGE VANASKIE) |
| **JAMES T. WYNDER, ET AL.,** : | |
| : | |
| Respondents : | |

# O R D E R

**AND NOW,** this **8th** day of **January, 2008**, for the reasons set forth in the foregoing memorandum, it is hereby ordered that Barndt's Motion for Appointment of Counsel (Dkt. Entry 19) is **DENIED WITHOUT PREJUDICE.**

                                           **s/ Thomas I. Vanaskie**
                                           Thomas I. Vanaskie
                                           United States District Judge