**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS W. BARNDT,** | : |
| | : |
| **Petitioner,** | : |
| | : **CIVIL NO. 3:CV-06-2406** |
| **v.** | : |
| | : **(JUDGE VANASKIE)** |
| **JAMES T. WYNDER, ET AL.,** | : |
| | : |
| **Respondents** | : |

_____ **M E M O R A N D U M**

## I.    Introduction.

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Thomas W. Barndt, a Commonwealth of Pennsylvania inmate sentenced to life imprisonment by a Lebanon County Court of Common Pleas jury for the murder of his estranged wife.  For the reasons that follow, the petition will be dismissed as untimely filed.

## II.     Background.

### A.     State Court Proceedings.

Barndt is currently serving a life sentenced for the murder of his estranged wife, Andrea Barndt.  At trial, the Commonwealth of Pennsylvania alleged that Barndt shot and killed his wife on September 30, 1991.  Almost two months later Mrs. Barndt's body was found concealed in an attic crawl space in the Barndt's marital home.  (Dkt. Entry 16-7, Appendix D, Commonwealth v. Barndt, No. 91-11134,  Lebanon County Court of Common Pleas (slip op. May 10, 1995)).

On October 9, 1993, after a jury trial, Barndt was convicted in the Lebanon County Court of Common Pleas of first degree homicide and sentenced to life imprisonment on May 17, 1995.  (Dkt. Entry 16-21, Transcript of Sentencing Proceedings, May 17, 1995.) Petitioner filed a timely direct appeal to the Superior Court of Pennsylvania, which affirmed his conviction and sentence on July 31, 1996.  On January 21, 1997, the Pennsylvania Supreme Court denied  Barndt's Petition for Allocatur.  See Com. v. Barndt, 454 Pa. Super. 676, 685 A.2d 206 (Pa. Super. Jul. 31, 1996)(table), appeal denied, 547 Pa. 713, 688 A.2d 170 (Pa. Jan. 21. 1997)(table)(No. 51 M.D.Alloc. 1996); see also Dkt. Entry 16-3, Commonwealth v. Barndt, No. 1340 MDA 2005 (Pa. Super. May 12, 2006)(slip op.).  Barndt did not petition the United States Supreme Court for a writ of certiorari.

Barndt filed his first petition for post-conviction collateral relief pursuant to the

Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9545 on March 14, 1997. Dkt. Entry

16-3, Commonwealth v. Barndt, No. 1340 MDA 2005 (Pa. Super. May 12, 2006)(slip op.).

> After a hearing, the PCRA court dismissed the petition on
> November 27, 2001. [Barndt] filed an appeal, which the
> [Pennsylvania Superior Court] dismissed on October 7, 2004 for
> failure to comply with Pennsylvania Rule of Appellate Procedure
> 3517 by not filing a docketing statement.  On April 8, 2005, [Barndt]
> filed a second PCRA petition.  On July 11, 2005, the PCRA Court
> dismissed the petition as untimely.

(Id.)  On May 12, 2006, noting Barndt's failure to raise any exception which would allow for the

review of an otherwise untimely PCRA petition, the Superior Court of Pennsylvania affirmed the

PCRA Court's dismissal of the second PCRA petition as untimely.  (Id.)

## B.    Current Proceedings.

Barndt filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 on November 21, 2006.[1]   (Dkt. Entry 1, Petition.)  A Response to the petition was filed

on February 23, 2007.  Respondents argue, inter alia, that the § 2254 petition is untimely.  (See

Dkt. Entries 14 - 16.)  Petitioner filed his Traverse on May 3, 2007, in which he argued the

---

[1]  The Third Circuit Court of Appeals has held that a pro se prisoner's § 2254 petition is
deemed filed for the purposes of satisfying § 2244(d)(1) "the moment he delivers it to prison
officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); see
also Artuz v. Bennett, 531 U.S. 4, 8, (2000).

merits of his petition and added that if his Petition is untimely, "it is because there was

interference by government officials."  (Dkt. Entry 21, Traverse at R. 14.)[2]


**III.     Discussion.**

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective

April 24, 1996, amended the federal habeas corpus statute by imposing a one-year statute of

limitations on petitions filed under 28 U.S.C. § 2254.  Specifically, a state prisoner requesting

habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that,

in relevant part, provides:

> (d)(1) A one-year period of limitations shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of –
>
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;

---

[2]  Petitioner claims that he was assaulted by a state corrections officer on June 22, 2004, which resulted in Petitioner suffering physical injuries and memory loss.  (Id.)  Barndt alleges that immediately after the assault he was placed in a medical isolation room and denied access to paper.  A few weeks later, Petitioner was transferred to another state correctional institution and placed in a forensic psychiatric unit for several weeks where he was again denied the opportunity to conduct any legal work.  The Court takes judicial notice that Barndt filed a civil rights action against the involved corrections officer on December 27, 2005.  See Barndt v. Pucci, Civ. Action No. 3:CV-05-2666 (M.D. Pa.) (J. Vanaskie).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The AEDPA further provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court.  See 28 U.S.C. § 2244(d)(2).

Under § 2244(d)(2) of the AEDPA, the limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending."  Thus, only a "properly filed" application for state post conviction relief tolls the limitations period under § 2244(d)(2).  A PCRA petition that is filed untimely is not "properly filed" so as to suspend the running of the limitations period, see Pace v. DiGugliemo, 544 U.S. 408, 417 (2005), and whether a state petition was untimely is a matter of state law that cannot be reconsidered by a federal habeas court.  Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006) ("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness

ruling was 'entangled' with the merits.") (internal quotations omitted).

In this case, Bandt's conviction became final on or about April 21, 1997, ninety days after the Pennsylvania Supreme Court denied his allowance of appeal.  Long v Wilson, 393 F.3d 390, 394 (3d Cir. 2004); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); 42 Pa. C.S. § 9545(b)(3); Pa. R. App. P. 903; Pa. R. Crim. P. 720(a)(3).  Barndt, therefore, had until April 21, 1998, to file his application for federal habeas relief.  Accordingly, the instant petition, submitted on November 21, 2006, is  8 years 7 months late and, unless the Petitioner can establish that he is entitled to either statutory tolling, as provided by 28 U.S.C. § 2244(d)(2), or equitable tolling, the § 2254 petition is time-barred.[3]  (Dkt. Entry 1, Petition at R. 26.)

### A.      Statutory Tolling.

Barndt's sentence became "final" on April 21, 1997, when the time period for seeking a writ of certiorari from the United States Supreme Court had expired.  Petitioner's first PCRA petition was filed on March 14, 1997, and ultimately dismissed by the PCRA court on November 27, 2001.  The Superior Court of Pennsylvania dismissed Petitioner's appeal on October 7, 2004.  (See Dkt. Entry 16-3 at R. 2.)  Barndt is entitled to statutory tolling of the limitations period during the pendency of his first PCRA petition, or from March 14, 1997,

---

[3]  The Third Circuit Court of Appeals has held that a pro se prisoner's § 2254 petition is deemed filed for the purposes of satisfying § 2244(d)(1) "the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

through November 7, 2004.[4]  Barndt's second PCRA petition, filed April 8, 2005, however, did

not toll the statute of limitations under § 2244(d)(2) because it was improperly filed.  See Pace,

544 U.S. at 410; Merrit, 326 F.3d at 165-66; Lovasz, 134 F.3d at 148.  Absent equitable tolling,

Barndt's petition is time-barred as he had until November 7, 2005, to file a timely habeas

petition.  Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006).


      **B.**      **Equitable Tolling.**

      The Supreme Court has not decided whether the AEDPA limitations period may

be equitably tolled.  In Lawrence v. Florida, ___ U.S. __, 127 S.Ct. 1079, 166 L.Ed.2d 924

(2007), however, the Supreme Court, while assuming, without deciding, that equitable tolling is

available, was specific to note that: "[t]o be entitled to equitable tolling, [a petitioner] must show

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way."  Id. at 1085 (internal quotations and citation omitted).  The Third Circuit Court

of Appeals instructs that equitable tolling is appropriate when "the principles of equity would

make the rigid application of a limitations unfair such as when a state prisoner faces

extraordinary circumstances that prevent him from filing a timely habeas petition and the

prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."

---

    [4]  The limitations period for filing a federal habeas corpus petition is statutorily tolled under § 2242(d)(2) between the Pennsylvania Superior Court's ruling and the deadline for filing a timely request for allowance of appeal to the Pennsylvania Supreme Court even where an appeal is not filed.  Swartz v. Meyers, 204 F.3d 417, 419-420 (3d Cir. 2000).

LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not

sufficient.  (Id.)

       The Third Circuit Court of Appeals has identified four circumstances in which

equitable tolling is justified: (1) when the defendant has actively misled the plaintiff; (2) when

the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) when

the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum; or (4)

when the claimant received inadequate notice of his right to file suit, a motion for appointment

of counsel is pending, or where the court has misled the plaintiff into believing that he had done

everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Equitable

tolling is to be invoked "only sparingly."  See U.S. v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes

have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

       In the present case, Barndt claims that he was assaulted by a corrections officer

on June 22, 2004.  Barndt alleges to have suffered physical and mental injuries as a result of

the assault which prevented him from filing a timely petition on or before November 7, 2005.

He states he was denied paper and/or access to his legal property.  Although Barndt does not

specify when this alleged "governmental interferences" ceased to exist, it is clear from the

record that it obviously terminated on or before April 8, 2005, when he filed his second PCRA

petition, and certainly by December 27, 2005, when he initiated the civil rights action against

the corrections officer who allegedly assaulted him.  Yet, Petitioner offers no explanation for his

failure to pursue federal habeas corpus relief prior to November 21, 2006.  Clearly Barndt's

ability to file his second PCRA petition during the federal habeas limitations period (November

7, 2004, through November 7, 2005) and his federal civil rights action shortly after the

conclusion of the limitations period (December 27, 2005), negates any argument of

"governmental interference" that impeded his ability to file a timely habeas corpus petition.

Moreover, Barndt's recourse to avenues of legal redress many months before filing a federal

habeas petition precludes a determination that he acted with due diligence.  Under these

circumstances, Barndt does not present any basis for concluding that he acted with reasonable

diligence in waiting until November 21, 2006 to file for habeas relief.  Barndt has failed to show

extraordinary circumstances or that "the principles of equity would make the rigid application of

a limitations period unfair."  Miller v. New Jersey State Dep't. of Corr, 145 F.3d 616, 618 (3d

Cir. 1998).  Thus, equitable tolling of the AEDPA statute of limitations is not warranted in this

case.


IV.     Conclusion.

        Barndt filed his habeas petition on November 21, 2006.  The limitations period,

however, expired on November 7, 2005.  Barndt's claim of "governmental interference" in 2004

does not explain his failure to take action well before November of 2006.  There is no basis for equitable tolling in this matter.  Barndt's petition for habeas corpus relief under § 2254 is thus barred by the statute of limitations.  Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2).

An appropriate order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. BARNDT, | : |
| | : |
| Petitioner, | : |
| | :   CIVIL NO. 3:CV-06-2406 |
| v. | : |
| | :   (JUDGE VANASKIE) |
| JAMES T. WYNDER, <u>ET AL</u>., | : |
| | : |
| Respondents | : |

**O R D E R**

**AND NOW, this 17th day of JANUARY, 2007**, for the reasons set forth in the foregoing Memorandum, **IT IS ORDERED THAT**:

1.      The petition under 28 U.S.C. § 2254 is **DISMISSED**.

2.      A certificate of appealability is **DENIED**.

3.      The Clerk of Court shall mark this matter **CLOSED.**

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge